Filing # 117559743 E-Filed 12/02/2020 07:46:09 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Claudia Agamez</u>
Plaintiff                                                           Case # _____
                                                                    Judge   _____

vs.
<u>CHIQUITA BRANDS INTERNATIONALINC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  4

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    No

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd        Fla. Bar # 188239
      Attorney or party                 (Bar # if attorney)

Peter M Hoogerwoerd             12/02/2020
(type or print name)           Date

Filing # 117559743 E-Filed 12/02/2020 07:46:09 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No._____

CLAUDIA AGAMEZ,

       Plaintiff,

v.

CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a
CHIQUITA BANANAS,

       Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, CLAUDIA AGAMEZ ("Plaintiff"), on behalf of herself by
and through undersigned counsel, files this Complaint against Defendant CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a CHIQUITA BANANAS ("Defendant"), and states as follows:

## **GENERAL ALLEGATIONS**

1.  This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and
costs as a result of discrimination predicated on Plaintiff's disability or perceived disability and
religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e
*et seq.* ("Title VII") and the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter
the "FCRA") for retaliation in violation of Title VII and the FCRA.

2.  The jurisdiction of the Court over this controversy is based upon Title VII and the FCRA.

3.  Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade
County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee
for purposes of the FCRA.

4.  Defendant has its principle place of business in Broward County, Florida, where Plaintiff

1

worked for Defendant.

5. Venue is proper in Miami Dade County, Florida because Plaintiff resides in Miami-Dade County, Florida and damages are due in Miami Dade County, Florida.

6. Plaintiff was an employee covered by Title VII and the FCRA in that she was subjected to negative, disparate treatment by her employer based on her religion, perceived disability and/or race in retaliation for her complaints of discrimination.

7. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (Fla. Stat. § 760.02(7)).

8. Plaintiff alleges causes of action for violations of Title VII and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was duly filed with the Florida Commission on Human Relations.

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge. The EEOC has issued a Right to Sue Letter to Plaintiff.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendant as a Distribution Clerk from on or about December 2019 through on or about February 3, 2020.

14. Plaintiff's practices the religion of Christianity. Plaintiff's religious practices involve her watching religious services on her phone during her lunch break.

15. Throughout Plaintiff's employment with Defendant, Plaintiff witnessed her co-worker, Gilberto Flores, make inappropriate sexual comments in her presence.

16. On or about January 2020, Mr. Flores observed Plaintiff watching religious services on her phone. A few days later, Mr. Flores made stated to Plaintiff that she "sounded like a town pastor." He also stated "don't tell me you are a Christian" before proceeding to ridicule Plaintiff's religious beliefs.

17. After this encounter, Plaintiff reported Mr. Flores' behavior to her supervisor, Mr. Anthony Lopez. Plaintiff soon witnessed co-workers whispering in her presence and stating that they had to be quiet when Plaintiff was around because they were "not allowed to make comments."

18. Plaintiff reported her co-workers' behavior to another manager, Mr. Mario Padilla.

19. On or about February 3, 2020, Plaintiff received a text message from her staffing agency stating that Plaintiff's supervisors were happy with her work but had chosen to terminate Plaintiff because they had noticed she was "uncomfortable" and they wanted to "avoid further problems."

20. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory and above satisfactory levels. At no point prior to Plaintiff's termination had she received any reprimand from her supervisors.

3

21. Any reason proffered by Defendant for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

**COUNT I.**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON RELIGION**

22. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-21 of this initial complaint.

23. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

24. The discrimination of Plaintiff by Defendants was caused by Defendant being aware of Plaintiff's Christian religion.

25. Defendants' decision to discriminate against Plaintiff was because of Plaintiff's Christian religion.

26. At all relevant times aforementioned, including the time of discrimination, Defendants were aware that Plaintiff was Christian.

27. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

4

28. The Plaintiff was qualified for the position apart from her apparent religion.

29. The Plaintiff was discriminated against by her co-workers and supervisors because she was Christian.

30. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

31. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

32. Defendant, through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her religion in violation of Act with respect to their decision to treat Plaintiff different from other employees.

33. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Christian, in violation of the Act.

34. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

35. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

36. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their religion. The discrimination on the basis of religion constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF TITLE VII: RETALIATION

37. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

38. Plaintiff is a member of a protected class under Title VII, to wit she complained of

6

discriminatory treatment.

39. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

40. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

43. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Plaintiff respectfully requests that this court order the following:

    A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

7

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H. Grant Plaintiff a trial by jury;

I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF THE FCRA: DISCRIMINATION BASED ON RELIGION

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

46. Plaintiff practices the religion Christianity and is thus a member of a protected class under the FCRA.

47. Plaintiff was regarded as practicing such religion by Defendant and Defendant's agents.

8

48. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

49. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff practices a religion

50. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

51. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

52. Defendant's discriminatory conduct was directly related to and because of Plaintiff's religion.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

57. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

10

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H.  Grant Plaintiff a trial by jury;

I.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF THE FCRA: RETALIATION

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

60. Defendant is an employer as that term is used under the applicable statutes referenced above.

61. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

62. The foregoing unlawful actions by Defendant were purposeful.

63. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

64. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

65. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

66. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

11

A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H.  Grant Plaintiff a trial by jury;

I.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated December 2, 2020                           Respectfully submitted,

                                                 *./s/ Peter M. Hoogerwoerd, Esq.* _____
                                                 Peter M. Hoogerwoerd, Esq.
                                                 Florida Bar No.: 188239
                                                 pmh@rgpattorneys.com
                                                 **REMER & GEORGES-PIERRE, PLLC**
                                                 44 West Flagler Street, Suite 2200
                                                 Miami, FL 33130
                                                 Telephone: (305) 416-5000
                                                 Facsimile: (305) 416-5005

Filing # 122369614 E-Filed 03/02/2021 07:52:45 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No._____

CLAUDIA AGAMEZ,

     Plaintiff,

v.

CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a
CHIQUITA BANANAS,

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO:  **CHIQUITA BRANDS INTERNATIONAL, INC. d/b/a CHIQUITA BANANAS.,**
*through its registered agent*:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Peter M. Hoogerwoerd, Esq.
**REMER & GEORGES-PIERRE, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130

An answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                             DATE

_____
(BY) DEPUTY CLERK

1

 **CT Corporation**

**Service of Process Transmittal**
03/22/2021
CT Log Number 539246290

**TO:** Kristopher Zinchiak
Chiquita Brands International, Inc.
DCOTA OFFICE CENTER, 1855 GRIFFIN ROAD
SUITE C-436
DANIA BEACH, FL 33004

**RE:** **Process Served in Florida**

**FOR:** Chiquita Brands International, Inc.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CLAUDIA AGAMEZ, PLTF. vs. CHIQUITA BRANDS INTERNATIONAL, INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020025880CA01 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2021 at 01:02 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2021, Expected Purge Date: 03/27/2021 |
| | Image SOP |
| | Email Notification,  Kristopher Zinchiak  kzinchiak@chiquita.com |
| | Email Notification,  Antonio Calisto Pato  acalisto@Chiquita.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Mar 22, 2021

**Server Name:**             George Thompson

| Entity Served | CHIQUITA BRANDS INTERNATIONAL, INC. |
|---------------|-------------------------------------|
| Agent Name    | C T CORPORATION SYSTEM              |
| Case Number   | 2020025880CA01                      |
| Jurisdiction  | FL                                  |



**PLEASE NOTE:**

☐ Received Poor Quality Document

☑ Received Document with Possible Missing Pages — PS served 1 pg. complaint

☐ Cross-Complaint to Initial Complaint. This is 1 service

Filing # 122369614 E-Filed 03/02/2021 07:52:45 PM

*3/22/2021*

*10:00Am*

*1571*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2020-025880-CA-01

CLAUDIA AGAMEZ,

　　　　Plaintiff,

v.

CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a
CHIQUITA BANANAS,

　　　　Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: **CHIQUITA BRANDS INTERNATIONAL, INC. d/b/a CHIQUITA BANANAS.,**
*through its registered agent*:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

　　　　Peter M. Hoogerwoerd, Esq.
　　　　**REMER & GEORGES-PIERRE, PLLC**
　　　　*Attorneys for Plaintiff*
　　　　Courthouse Tower
　　　　44 West Flagler Street, Suite 2200
　　　　Miami, FL 33130

An answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

3/4/2021

CLERK

310009

(BY) DEPUTY CLERK

DATE

1

Filing #117559743 E-Filed 12/02/2020 07:46:09 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No._____

CLAUDIA AGAMEZ,

       Plaintiff,

v.

CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a
CHIQUITA BANANAS,

       Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CLAUDIA AGAMEZ ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant CHIQUITA BRANDS INTERNATIONAL, INC. d/b/a CHIQUITA BANANAS ("Defendant"), and states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs as a result of discrimination predicated on Plaintiff's disability or perceived disability and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA") for retaliation in violation of Title VII and the FCRA.

2. The jurisdiction of the Court over this controversy is based upon Title VII and the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant has its principle place of business in Broward County, Florida, where Plaintiff

1