UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:21-cv-21325-FAM

CLAUDIA AGAMEZ,

    Plaintiff,

v.

CHIQUITA BRANDS
INTERNATIONAL, INC. d/b/a
CHIQUITA BANANAS,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, CLAUDIA AGAMEZ ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant CHIQUITA BRANDS INTERNATIONAL, INC. d/b/a CHIQUITA BANANAS ("Defendant"), and states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages as a result of discrimination predicated on Plaintiff's religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA") for retaliation in violation of Title VII and the FCRA.

2. The jurisdiction of the Court over this controversy is based upon Title VII and the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant has its principal place of business in Broward County, Florida, where Plaintiff worked for Defendant.

1

5. Venue is proper in Miami Dade County, Florida because Plaintiff resides in Miami-Dade County, Florida and damages are due in Miami Dade County, Florida.

6. Plaintiff was an employee covered by Title VII and the FCRA in that she was subjected to negative, disparate treatment by her employer based on her religion and in retaliation for her complaints of discrimination.

7. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (Fla. Stat. § 760.02(7)).

8. Plaintiff alleges causes of action for violations of Title VII and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was duly filed with the Florida Commission on Human Relations.

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge. The EEOC has issued a Right to Sue Letter to Plaintiff.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendant as a Distribution Clerk from on or about December 26, 2019 through on or about February 3, 2020.

14. Plaintiff's practices the religion of Christianity. Plaintiff's religious practices involve her watching religious services on her phone during her lunch break.

15. Throughout Plaintiff's employment with Defendant, Plaintiff witnessed her co-worker, Gilberto Flores, make inappropriate and lewd comments in her presence.

16. On or about January 2020, Mr. Flores observed Plaintiff watching religious services on her phone. A few days later, Mr. Flores made stated to Plaintiff that she "sounded like a town pastor." He also stated "don't tell me you are a Christian" before proceeding to ridicule Plaintiff's religious beliefs.

17. After this encounter, Plaintiff reported Mr. Flores' discriminatory behavior to her supervisor, Mr. Anthony Lopez. Plaintiff soon witnessed co-workers whispering in her presence and stating that they had to be quiet when Plaintiff was around because they were "not allowed to make comments."

18. Plaintiff made a second complaint regarding her co-workers' discriminatory behavior to another manager, Mr. Mario Padilla.

19. On or about February 3, 2020, Plaintiff received a text message from her staffing agency stating that Plaintiff's supervisors were happy with her work but had chosen to terminate Plaintiff because they had noticed she was "uncomfortable" and they wanted to "avoid further problems." Regardless, it was Defendant, CHIQUITA BRANDS INTERNATIONAL, INC., who was the decisionmaker and caused Plaintiff's termination.

20. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential

functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory and above satisfactory levels. At no point prior to Plaintiff's termination had she received any reprimand from her supervisors.

21. Any reason proffered by Defendant for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

## COUNT I
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RELIGION

22. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-21 of this initial complaint.

23. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

24. The discrimination of Plaintiff by Defendants was caused by Defendant being aware of Plaintiff's Christian religion.

25. Defendants' decision to discriminate against Plaintiff was because of Plaintiff's Christian religion.

26. At all relevant times aforementioned, including the time of discrimination, Defendants

were aware that Plaintiff was Christian.

27. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

28. The Plaintiff was qualified for the position apart from her apparent religion.

29. The Plaintiff was discriminated against by her co-workers and supervisors because she was Christian. Specifically, Plaintiff's supervisor, Anthony Lopez, and manager, Mario Padilla gave preferential treatment to Gilberto Flores (presumably a non-Christian), even though Mr. Flores made derogatory and lewd comments to Plaintiff regarding her Christian religion.

30. Defendant's decisionmakers including but not limited to supervisor, Anthony Lopez, and manager, Mario Padilla caused Plaintiff to be terminated instead of Mr. Flores because of her Christian religion. Defendant's supervisor, Anthony Lopez, and manager, Mario Padilla were aware of Plaintiff's complaints of discrimination and despite these complaints, terminated her within days of receiving her complaints of discrimination.

31. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

32. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

33. Defendant, through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her religion in violation of Act with respect to their decision to treat Plaintiff different from other employees.

34. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Christian, (of which Defendant's decisionmakers knew, because of her complaitns) in violation of the Act.

35. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

36. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

37. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their religion. The discrimination on the basis of religion constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment dont practice which discriminates based on race;

 E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

 F. Award any other compensation allowed by law including punitive damages and attorney's fees;

 G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

 H. Grant Plaintiff a trial by jury;

 I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**<u>VIOLATION OF TITLE VII: RETALIATION</u>**

38. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

40. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    F.   Award any other compensation allowed by law including punitive damages and attorney's fees;

    G.   Grant Plaintiff's costs of this action, including reasonable attorney's fees;

    H.   Grant Plaintiff a trial by jury;

    I.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF THE FCRA: DISCRIMINATION BASED ON RELIGION

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

47. Plaintiff practices the religion Christianity and is thus a member of a protected class under the FCRA.

48. Plaintiff was regarded as practicing such religion by Defendant and Defendant's agents.

49. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

50. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff practices a religion

51. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

53. Defendant's discriminatory conduct was directly related to and because of Plaintiff's religion.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff

possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

58. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

    E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    F. Award any other compensation allowed by law including punitive damages and attorney's fees;

    G. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

    H. Grant Plaintiff a trial by jury;

    I. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF THE FCRA: RETALIATION

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

61. Defendant is an employer as that term is used under the applicable statutes referenced above.

62. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

63. The foregoing unlawful actions by Defendant were purposeful.

64. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

65. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

66. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

67. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on race;

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F.  Award any other compensation allowed by law including punitive damages and attorney's fees;

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

H.  Grant Plaintiff a trial by jury;

I.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated May 11, 2021

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd, Esq.*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005